United States v. Poulin is the third case for argument. Where is Mr. Bias? Mr. Beals, we expect counsel to be here when their case is called. Mr. Beals, please. If I could have permission to remove my mask? Yes, please. If you feel comfortable without it, it's much easier for us to hear you. Thank you, Your Honor. If you're pleased to court, counsel. My name is Bart Beals. I am here for... Mr. Beals, you need to talk into the microphone. It's being recorded. My name is Bart Beals. I'm here for Matthew Poulin. Just to give a quick background on the case, my client, a petition to violate the term supervised release were filed in July of 2001 by the federal government. It was for two cases. That's the purpose, the reason for the consolidated brief before the court today. The reasons behind the violation of supervised release were four reasons. After the violation of supervised release petition was filed, there was a hearing that the latest hearing occurred in December of 2021. At that hearing, my client, Mr. Poulin, he admitted to count one of the four counts for the basis for the violation of the supervised release, and that count was the possession of a controlled substance, an illegal controlled substance. So, Mr. Beals, can we cut to the chase here? Because I think, as I understand your brief, there are two primary arguments. One seems to be that the revocation sentences, the four plus the eight, are too long. And the other seems to be this total alcohol abstention requirement for supervised release as opposed to reasonable. But on the first, my concern is that the sentencing judge, who seems to have been a different judge, but that's all right, was of the view that this somewhat longer term was appropriate and judges have that discretion. There was no statutory infringement. And as for the alcohol restriction, even though it seems to have gone back and forth, there does seem to be a link in the record to Mr. Poulin's alcohol problems, and maybe that disinhibits him. And the judge thought that this was appropriate. So where's the abuse of discretion either way? For your honors, the abuse of discretion regarding the sentence is primarily based on the sentence being consecutive. The court, it was not- It is two different cases, though. That is correct, and it is two different cases, but the cases are linked. The first case was possession of child pornography, and the second case was effectively created based on the first as failure to register. The petitions to violate were filed on each case, but they were effectively treated as the same case because of the cases being linked in this situation. There's a common factual core, but they are two different offenses. And again, I think we're in the abuse of discretion region here for appellate review, and I want to know why the judge couldn't have thought that consecutive terms on the revocation were the right thing for this person. Well, in this situation, at sentencing, I requested time served, which is below the guideline range, which the court had discretion to do. The government actually requested concurrent sentences, but the government requested at the low end of the range. The court went with consecutive sentences, and quite frankly, the reason my argument for abuse of discretion, because there was not an adequate understanding of why consecutive sentences in this situation was warranted. It would be very difficult for me to argue my client receiving the low end of the guideline range, especially for concurrent sentences and especially under the circumstances where the government agreed or asked for concurrent sentences. The government didn't explicitly ask for consecutive sentences. The only part of the government, per se— But you're not arguing that the judge was unauthorized to do that. No, Your Honor. I'm not. Under the law, the judge is authorized to do so. Okay. And I'm also not arguing that—I'm arguing it's abuse of discretion, but I'm not arguing that that's not the standard. Okay. It's just my position under the circumstances. There's no reasonable correlation between lengthening my client's sentence by making it consecutive, and even though, yes, these are two different cases, but even though they're two different cases, they're effectively one because they're connected in this situation. The only individual from the government that was asking for consecutive sentences was the parole or the supervised release officer. That was the only individual who asked for it and mentioned it at sentencing. And to go further, my client admitted to one of the four allegations. The other three bases were dismissed, and there was no finding of necessary proof at the appropriate standard of proof that the other three bases had occurred because, as I mentioned, they were dismissed. So in light of those circumstances, it's the position of the defense that the sentence that was given by the court was excessive, and under 3553 factors, it was not reasonably related to be a reasonable sentence. Now, regarding the issue with the use of alcohol, as was mentioned in the government's brief, there were several amended judgments that changed the term supervised release prior to what happened in the instant case, in the instant cases. I believe it was in 2016 and 2000. I think the Second Amendment amendment judgment was in 2016, and the third was in 2018. Both of those amended judgments, the court had a standard of no excessive alcohol usage. Now, at the hearing, there were instances that were mentioned at the hearing that related back to 2018 and even prior to that. There was not an allegation. There was no allegation included in the petition that my client had used alcohol to the excess, and based on my client using alcohol to the excess, that was a violation of the terms of the supervised release. So there wasn't even that allegation in the petition, much less that allegation was not proven. What was mentioned was alleged conduct from before the actual petition occurred in 2021. It was alleged conduct that allegedly occurred prior to 2021. So this is the being removed from the sex offender treatment program because of alcohol use and buying the alcohol for the 18-year-old woman and her brother? Well, actually, being removed from the sex offender treatment program, I don't believe the actual petition alleged that he was removed based on alcohol use. That was something that was mentioned during the hearing by the supervised release officer. The probation officer said that, though. That's correct. And that, quite frankly, was never proven during the hearing. That was just something that, in all honesty, it just appears that the supervised release agent and my client did not get along very well. But nobody tried to follow up with whoever it is who runs the program to find out? No, no one from the program testified at either of the hearings as to the accuracy of any of the allegations. The probation officer testified, but you didn't have a person from the actual treatment facilities that testified to that. And, yes, there was mentioned an incident that occurred prior to 2021 regarding a hotel where there was a young woman and a young man that was underage. There was some alcohol use as well as drug use. And my client pointed out that, quite frankly, he was a victim of a robbery in that situation. Which, though, that doesn't give an excuse to use alcohol around a minor. But, nonetheless, this was an allegation of conduct that was prior, well prior to 2021. I see my time is up. I have reserved five minutes for rebuttal. Your time has expired, Mr. Bailenson. Thank you. Mr. Simpson. Good morning. Your honors, may it please the court. I'm Scott Simpson on behalf of the United States. I think it's safe to say that we have here a defendant who has some trouble adjusting to supervision. The revocation of his supervised release on the child pornography charges was his second revocation on those charges. And, of course, the revocation on the failure to register was his first revocation. And, as we've already discussed, those are revocations. The most recent revocations were based on use of cocaine. The previous revocation was based on use of another controlled substance without a prescription, failure to maintain registration as a sex offender, and failure to participate in sex offender treatment. What the district court judge said during the most recent revocation hearing, based on all of these things and other things that the court heard, is that the defendant seems to have, quote, a very serious attitude problem, close quote, is what the district judge said. So the most recent revocation sentence totaling 12 months is eminently reasonable, we submit. Just to bring the court up to date on the current status of the defendant, according to the BOP website, and we have confirmed this with BOP counsel, Mr. Pollan completed the custodial portion of his most recent revocation sentence this week. He was released by BOP on the 5th of July, two days ago. The district court was also well within its- Which would have commenced the eight years of supervised release. Correct. Now he's commencing the eight years of supervised release on both judgments. Right. And those are concurrent. I'm sorry, Your Honor? That's concurrent, the supervised release. Yes, it is concurrent, eight years on each judgment concurrently. The district court, Your Honors, was also well within its discretion in including that condition in supervised release for Mr. Pollan to completely refrain from the use of alcohol. This court, and this is the third time Mr. Pollan has been before this court, once in 2014, once in 2016. In the 2016 decision by this court, the court upheld, contrary to Mr. Pollan's challenge, upheld a supervised release condition at that time in the judgment that existed at that time, prohibiting him from using any alcohol under supervised release. And since then, Mr. Pollan has only shown further the need for that condition. If I could address those three of those things that have happened since the 2016 decision, the 2018 episode where I'm not sure it's been discussed yet, Mr. Pollan not only consumed alcohol with the underage female and that female's minor brother, Mr. Pollan also provided that alcohol for that hotel party, quote, unquote. Also, those two other episodes, the disciplinary infraction, and I should refer the court to docket number 40 in the 19 case, that is the failure to register case. Docket number 40 is the violation memorandum. It talks about this 2018 party, and it says, it also says, Mr. Pollan was unsuccessfully discharged from sex offender treatment services for his alcohol use. That was, according to the probation office, done because of alcohol use. And it goes on to say, prior to Mr. Pollan being released from the Bureau of Prisons in 2020, he received disciplinary infractions for consuming alcohol and refusing to submit to a portable breath test. So those are not old. That is not old conduct. That is not dated conduct. That is recent conduct, which, again, supports this court's decision in 2016 that a complete prohibition against using alcohol is appropriate for Mr. Pollan's supervised release. So to go along with this court's decision's case law on conditions of supervised release, that prohibition is reasonably related to the defendant's offense, his history, his characteristics, the need for adequate deterrence, the need to protect the public from further crimes of this defendant, and the need to provide the defendant with proper treatment. So we urge the court to affirm the district court's judgments in all respects. Thank you. Thank you very much. The case is taken under advisement.